IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-10172

Summary Calendar

_____

JAYANTI PATEL,

Plaintiff-Appellant,

versus

CITY OF EVERMAN; TOM KILLEBREW, doing business as Metro Code
Analysis,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:99-CV-982)

_____

October 17, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jayanti Patel appeals from a grant of summary judgment to the
defendants in this civil rights suit arising out of the demolition
of buildings owned by Patel in the City of Everman for building
code violations.  Patel alleges that the defendants discriminated
against him on the basis of his race and that his equal protection
and substantive due process rights were violated.  He also argues

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

that the trial court improperly excluded evidence from consideration.

We review a district court's grant of summary judgment *de novo* and view the evidence in the light most favorable to the nonmovant.[1] Even including the evidence that Patel argues was improperly excluded by the district court, we find that Patel has not created a genuine issue of material fact on any of his claims.[2] Patel has not produced competent summary judgment evidence to support his claim that the enforcement of the City's building codes against his property was based on racial animus.[3] Patel has also failed, as a matter of law, in his substantive due process claim because we agree with the district court that the demolition of his buildings was rationally related to a legitimate government interest in protecting the health and safety of its citizens.[4]

For the foregoing reasons, we AFFIRM the grant of summary judgment in favor of the defendants.

---

[1] *Stucky v. City of San Antonio*, 260 F.3d 424, 429 (5th Cir. 2001).

[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[3] *See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977) ("Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.").

[4] *Hidden Oaks, Ltd. v. City of Austin*, 138 F.3d 1036, 1044 (5th Cir. 1998) (citing *FM Properties Operating Co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996)).